[ * 295 ]

* COOK *versus* HOLMES.

The certificate of a witness is *usually* conclusive on the Court in taxing costs for his travel and attendance; and if the certificate be false, the remedy for the party injured is by action; but if the *certificate itself* appears suspicious the Court will require an affidavit of the witness in explanation.

THIS was an action of trover for a writ which had issued in favor of *Cook* vs. *Holmes* in an action of assumpsit, to which writ was annexed an account of *Cook* vs. *Holmes.* The plaintiff had recovered in *this* action in the county of *Middlesex,* and the clerk of *this* court in *that* county had taxed the costs; to whose taxation the counsel for the defendant objected, and now moved the Court that the same might be set aside so far as respected certain allowances made to *Walter M'Farland, Esq.,* for fees as a witness for the plaintiff.

It appeared that the cause had been long pending in Court and

that in several of the *subpœnas* the name of *M'Farland* had been interlined; and it was suggested, and not denied, that the interlineations had been made by *M'Farland* himself, at the time he certified his travel and attendance on the *subpœnas* as a witness; and upon inspecting the *subpœnas* it appeared from the complexion of the ink, and the signatures on the *subpœnas* that the several interlineations were probably made by the witness in the manner suggested.

The whole Court were of opinion that in common cases, where there were no suspicious circumstances attending the certificate of a witness, as to his travel and attendance, the certificate would be conclusive upon the Court as well as the clerk, and, if the certificate was false, the only remedy for the party injured was by a special action of the case against the witness. And STRONG, and SEWALL, justices, thought it was his only remedy in *any* case. But DANA, C. J., SEDGWICK, and THACHER, justices, were of opinion that where the *certificate itself* was attended with *such* circumstances, which they thought to be the case *here*, the Court might interfere and correct the taxation of the clerk. They *therefore [ * **296** ] directed that *M'Farland* should make an affidavit in explanation.

Afterwards, in this term, *M'Farland* having made an affidavit, and the same not proving satisfactory, STRONG, SEDGWICK, and THACHER, justices, ordered the costs which had been taxed on *those* subpœnas for *M'Farland* to be struck out. SEWALL, J., adhered to the opinion he had before expressed. DANA, C. J., absent.

The affidavit was—That he was requested by *Cook* to assist him in this suit; that he did assist him in summoning his witnesses and making other preparations for the trial of said action; that he knew, from his own inspection, what demands of *Cook* against *Holmes* were submitted to referees, and determined by them in a former reference; and that none of said demands were included in the present action; that he was present, and heard *Cook* declare, in presence of *Holmes*, and in his hearing, that *Holmes* had got the writ, and *Holmes* did not deny it, but refused to deliver it up to *Cook*; and that it was at all times, as he fully believed, the desire and expectation of *Cook* that he should attend the several courts as a witness, in which he was taxed as such, and that he should testify to the fact that *Holmes* had the writ, and that it contained no demand which was settled in the former reference. *Question.* Was you ever summoned to attend as a witness in this cause? *Answer.* Yes; having had the opinion

of *Esq. Ward,* that my evidence might be material in the cause. *Question.* Did you appear as the agent of *Cook,* and argue the cause for him before the reference? *Answer.* I had spoken to *Esq. Ward* to argue the cause before the referees; but he not being there at the time, after *Esq. Hastings* had closed his observations in behalf of *Holmes,* I made a few observations in behalf of *Cook.*